REQUESTED BY: Steven M. Curry, Merrick County Attorney
You have requested our opinion regarding the collection of delinquent taxes on mobile homes or improvements located on leased land. You note that, pursuant to Neb.Rev. Stat. §77-103(3) (Cum. Supp. 1998), mobile homes are included in the definition of "real property" for property tax purposes. "Improvements on leased land" are defined to include "any item of real property defined in subdivisions (2) through (4) of section77-103 which is located on land owned by a person other than the owner of the item." Neb. Rev. Stat. § 77-117 (Cum. Supp. 1998). As mobile homes and improvements on leased lands are taxed as real property, delinquent taxes on such property are collected by sale of the property pursuant to Neb. Rev. Stat. §§ 77-1801 to77-1863 (1996). You note that in Phelps County v. Anderson,2 Neb. App. 236, 238, 508 N.W.2d 314, 316 (1993), the Nebraska Court of Appeals stated that "a tax on land and a building or other improvement is a single and indivisible tax, even if the building or improvement is assessed separately from the land." In light of this statement, you ask whether, if mobile homes or other improvements on leased land are assessed and taxed separately from the land on which they are located, delinquent taxes on such properties should be collected by listing for sale both the mobile homes or other improvements and the underlying real property.
Phelps County v. Anderson involved an action by the County to foreclose tax liens on certain real estate. Two individuals purchased the land in 1970, and, between 1970 and 1980, various mobile homes located on the property were assessed and taxed as personal property.[1] In 1980, at the request of one of the owners of the land, the County Assessor listed the mobile homes located on the property as improvements to the real estate. The co-owners were sent notice of the change in valuation reflecting the increased value resulting from including the value of the mobile homes as improvements to the real estate. Neither owner protested the increase in valuation. 2 Neb. App. at 236-37,508 N.W.2d at 315. Subsequently, based on one of the owner's concerns that mobile homes were being removed by the other property owner, the County Assessor began recording the land valuations and mobile home valuations separately. The portion of property taxes allocated to the mobile homes was not paid from 1981 through 1988. The County brought an action to foreclose the delinquent taxes. It was "stipulated that the liens that were being foreclosed related to real estate taxes on the mobile homes, assessed as real estate and not as unattached personal property."Id. at 237, 508 N.W.2d at 315. The district court subsequently entered a decree of foreclosure.
On appeal, the appellants contended that the tax liens sought to be enforced in the foreclosure proceedings attached only to the mobile homes "which were separately valued and assessed," and that the district court erred by permitting foreclosure on the real estate upon which the mobile homes were located. The Court of Appeals disagreed. Initially, the court found that "[a]ppellants' claim that the mobile homes were taxed separately from the underlying property [was] contradicted by the record." 2 Neb. App. at 238, 508 N.W.2d at 316. The court noted that the mobile homes were assessed as "Buildings and Improvements" to the lots on which they were situated, and that buildings and improvements were included within the definition of "real estate" in § 77-103. The court continued by noting that "authority from other jurisdictions indicates that a tax on land an a building or other improvement is a single and indivisible tax, even if the building or improvement is assessed separately from the land." Id. (citing, inter alia, 84 C.J.S. Taxation
§ 72 (1954)). The court stated that it "agree[d] with these authorities," and found "that the tax on the mobile homes and the underlying lots in this case was a single and indivisible tax, and as such, any portion of the tax which remained delinquent became a lien on the entire property taxed, including the lots to which the mobile homes were attached." 2 Neb. App. at 238-39,508 N.W.2d at 316. The Court of Appeals thus affirmed the district court's decree of foreclosure on the land on which the mobile homes were situated.
In our view, the decision in Phelps County v. Anderson
does not stand for the proposition that the real property tax on a mobile home or other improvement located on leased lands which is assessed and listed separately from the underlying real estate constitutes a "single and indivisible tax" which, when delinquent, becomes a lien on the underlying real property. The situation presented in Phelps County involved the taxation of land and improvements (in that case, mobile homes presumably attached to the land) held in common ownership. Also, the court specifically found that, contrary to the taxpayers' claim, the mobile homes and the underlying real estate were not taxed separately; rather, the mobile homes were, at the request of the owners of the land, included in a single valuation consisting of the land and the mobile homes as improvements. Further, while the court stated "that the tax on the mobile homes and the underlying lots" was a "single and indivisible tax," and that "any portion of the tax which remained delinquent became a lien on the entire property taxed, including the lots to which the mobile homes were attached," it limited its finding to "this case," thus leaving open the possibility that a different conclusion may be appropriate in other circumstances.
In contrast to the facts involved in the Phelps County
case, your question concerns the collection of delinquent taxes on mobile homes or other improvements separately assessed and located on leased land. The general rule, recognized by the court in Phelps County, is that "buildings or other improvements constructed on the land of another become part of the freehold for purposes of taxation." 84 C.J.S. § 72b. (1954). This rule, however, may be "changed or modified by statute," as "where statutes provide for taxation of specified improvements irrespective of the fee ownership." Id. Nebraska has adopted exceptions to this general rule in the taxation of mobile homes and improvements on leased lands.
With respect to the taxation of improvements on leased public lands, Neb. Rev. Stat. § 77-1734 (Cum. Supp. 1998) provides, in pertinent part:
 Improvements on leased public lands shall be assessed, together with the value of the lease, to the owner of the improvements as real property. . . . The taxes imposed on the improvements shall be collected in the same manner as in all other cases of collection of taxes on real property.
As to the assessment of improvements on leased lands other than public lands, Neb. Rev. Stat. § 77-1736 (Cum. Supp. 1998) allows for the taxation of such improvements either to the owner of the land or the owner of the improvements:
 Improvements on leased lands, other than leased public lands, shall be assessed to the owner of the leased lands unless . . . the owner of the leased lands or the lessee thereof files with the county assessor, on a form prescribed by the Property Tax Administrator, a request stating that specifically designated improvements on such leased lands are the property of the lessee. The improvements shall be assessed as real property, and the taxes imposed on the improvements shall be collected by levy and sale of the interest of the owner in the same manner as in all other cases of the collection of taxes on real property. When the request is filed by the owner of the leased lands, notice shall be given by the county assessor to the lessee at the address on the request. (Emphasis added).
By definition, "improvements on leased lands" are "item[s] of real property defined in subdivisions (2) through (4) of section 77-103 which [are] located on land owned by a person other than the owner of the item." Neb. Rev. Stat. § 77-117 (Cum. Supp. 1998). "Mobile homes" are "improvements on leased land" as defined in § 77-117 when located on land owned by a person other than the owner of the land, as they are included in the definition of "real property" under § 77-103(3). Neb. Rev. Stat. § 77-1375(1) (Cum. Supp. 1998) specifically provides the manner of assessment of "improvements on leased land," which are "assessed separately to the owner of the improvements. . . ." Improvements which are separately assessed to the owner of the improvements are to be assessed based on "the actual value of the real property . . . without regard to the fact that the owner of the improvements is not the owner of the land upon which such improvements have been placed." Id. The owner of the improvements may seek a reduction in the value of his or her interest, and the county assessor, after the owner of the property is given notice, may apportion the value of the interests of the owner of the improvements and the owner of the land. Neb. Rev. Stat. § 77-1375 (2) to (5) (Cum. Supp. 1998). The assessment roll of taxable real property prepared by the county assessor also provides for the separate listing of "improvements on leased lands and the value and owner thereof. . . ." Neb. Rev. Stat. § 77-1303(3) (Cum. Supp. 1998).
These statutes indicate that the Legislature intended to permit the separate assessment and taxation of mobile homes and other improvements on leased lands, apart from the taxation of the land on which such improvements are located. Improvements on non-public lands which are designated as property of the lessee pursuant to § 77-1376 are assessed and taxed to the lessee as provided in § 77-1375. The provisions governing the sale of real property for delinquent taxes also contemplate that improvements on leased lands are to be listed separately for sale without listing the underlying land on which they are situated. Neb. Rev. Stat. § 77-1803 (1996) ("In describing improvements on leased land" in the notice of delinquent taxes required pursuant to §77-1802, "the words `Improvements Only Located Upon' shall precede the designation of such property. . . ."). In light of these provisions, we believe that, in the case of improvements on leased lands which are separately assessed for tax purposes to the owners of the improvements, the Legislature did not intend for the tax on the improvements to constitute a "single and indivisible tax" on both the improvements and the underlying lands, as the lands on which the improvements are situated are owned by a person other than the owner of the improvements. Accordingly, in collecting delinquent real property taxes on separately assessed mobile homes and other improvements on leased land, only the mobile homes or other improvements should be listed in the notice pursuant to § 77-1802 of real property subject to sale, in the manner provided in § 77-1803.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
[1] Prior to the 1991 amendment to § 77-103 including mobile homes in the definition of "real property" "whether or not permanently attached to the land," mobile homes were taxed as personal property, unless they fell within the definition of "real property" because they were "permanently attached to the real estate upon which they [were] situated, . . ." Neb. Rev. Stat. § 77-103 (1990).